**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-7640**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO GERMAINE JOHNSON,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:02-cr-00579-CWH-1)

———————————

Submitted:  April 24, 2015          Decided:  May 28, 2015

———————————

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Antonio Germaine Johnson, Appellant Pro Se.  Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina; William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Germaine Johnson seeks to appeal his 2003 criminal judgment imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2012). The district court entered judgment on May 21, 2003. At that time, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure required a defendant in a criminal case to file his notice of appeal within ten days of the entry of judgment.[1] With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

Johnson filed his notice of appeal, at the earliest, on October 8, 2014.[2] Because Johnson failed to file a timely notice of appeal or to obtain an extension of the appeal period, we

---

[1] Rule 4 was amended effective December 1, 2009, to establish a 14-day appeal period. Fed. R. Crim. P. 4(b)(1)(A) (2009).

[2] Johnson's notice of appeal was undated. However, he included a certificate of service stating that he mailed the notice of appeal to the United States Attorney on October 8, 2014. We presume that this is the earliest date Johnson could have delivered his notice of appeal to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

dismiss the appeal as untimely.[3] Johnson's motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision, but, rather, a claim-processing rule. United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009). Because Johnson's appeal is inordinately late, and its consideration is not in the best interest of judicial economy, we exercise our inherent power to dismiss it. United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).